IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GREGORY BREWER                                                    PLAINTIFF

       v.               Civil No. 6:07-cv-06034

CHIEF HOLT, Garland County
Sheriff's Department; CAPTAIN
MEL STEED, Garland County
Detention Center; and MS. TALLEY
GILLESPIE, Kitchen Staff, Garland
County Detention Center                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Gregory Brewer, a detainee at the Garland County Detention Center, filed this federal civil rights action pursuant to 42 U.S.C. § 1983 on May 16, 2007.  He proceeds pro se and *in forma pauperis*.  The complaint was provisionally filed prior to a determination of whether it should be served on the defendants.

Because I believed more information was needed about the plaintiff's claims, an order was entered directing the plaintiff to complete, sign, and return a questionnaire that would be filed as an addendum to his complaint (Doc. 4).  The addendum was filed on May 23, 2007 (Doc. 5).

### I. Background

Brewer has been incarcerated at the Garland County Detention Center (GCDC) since January 16, 2007.  *See Addendum* at ¶ 1.  He is there on a pending charge of aggravated robbery.  *Id.* at ¶ 2.

Brewer receives three meals a day at the GCDC.  *See Addendum* at ¶ 8.  On April 18, 2007, during the evening meal, while he was eating his mashed potatoes, Brewer felt something in his mouth.  *See Complaint* at page 4.  Brewer alleges it turned out the object was a water bug.  *Id.*

-1-

This is the only time Brewer found a bug in his food. *See Addendum* at ¶ 3. In response to his complaints about the bug, an investigation was done and he was interviewed by staff members and a conference was held among staff members. *Id.* Brewer was informed that the GCDC did not have a bug problem. *Id.*

As a result of finding the bug in his potatoes on April 18th, Brewer became nauseated and threw up once. *See Addendum* at ¶ 4. He did not go to the doctor and he was ill only the one night. *Id.*

Chief Holt is not personally involved in food preparation. *See Addendum* at ¶ 5. Captain Steed is not personally involved in food preparation. *Id.* at ¶ 6. Talley Gillespie works in the kitchen and Brewer was told that Gillespie found the bug incident to be a "laughing matter." *Id.* at ¶ 7.

## II. Discussion

"[W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself," it has an obligation to provide for his basic human needs including food, clothing, shelter, medical care, and reasonable safety. *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 200, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989). "Pretrial detainees and convicted inmates, like all persons in custody, have the same right to these basic human needs." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006).

In analyzing a claim brought by a pretrial detainee, the Court of Appeals for the Eighth Circuit has held that "deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety. . . . Deliberate indifference has both an objective and subjective component." *Butler*, 465 F.3d at 345 (internal citation omitted).

The objective component requires a showing that Brewer faced a substantial risk of serious harm.  *See e.g., Butler*, 465 F.3d at 345.  In a case involving the preparation of food, the objective component may be met by evidence tending to show that the food was prepared in a manner presenting an immediate danger to the plaintiff's health.  The subjective component requires a showing the defendants actually knew of and recklessly disregarded the substantial risk of serious harm.  *Id.*       Brewer's claim fails as a matter of law.  His claim is based on the fact that on one occasion during his incarceration he found a bug in his potatoes.  This isolated incident does not state a claim of constitutional dimension.  *See e.g., Wishon v. Gammon*, 978 F.3d 446, 449 (8th Cir. 1992)("[P]risoners have a right to nutritionally adequate food; however, Wishon has presented no evidence that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food"); *Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir. 1985)("The fact that the food occasionally contains foreign objects . . . does not amount to a constitutional deprivation").  *See also Lunsford v. Reynolds*, 376 F. Supp. 526, 527 (W.D. Va. 1974)("The only contention concerning food which is detailed at all, is the inmates' complaint that their food frequently contains insects.  Nevertheless, occasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion").

### III.  Conclusion

I therefore recommend that the case be dismissed as the claims asserted fail to state claims upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

-3-

**Brewer has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Brewer is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of May 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE